# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0194, <u>Dean E. Wilber v. City of Concord</u>, the court on January 31, 2020, issued the following order:**

Having considered the plaintiff's brief, the defendant's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Dean E. Wilber, appeals an order of the Superior Court (<u>Kissinger</u>, J.) upholding a decision of the City of Concord Zoning Board of Adjustment (ZBA) to grant an application for a variance. <u>See</u> RSA 674:33, I(a)(2) (Supp. 2019). As a result of the variance, the applicant, Nancy Gualtieri, will be allowed to build an addition onto her residence, one corner of which will create a triangular-shaped encroachment on a forty-foot setback that will, at its maximum point, extend eleven feet into the setback. On appeal, the plaintiff argues that, as a matter of law, the applicant failed to establish any of the five elements she was required to prove in order to obtain the variance. <u>See</u> <u>id</u>. He further argues that, in granting the application, the ZBA improperly considered the fact that the applicant had already poured a foundation for the project.

We will uphold the trial court's decision unless it is unsupported by the evidence or legally erroneous. <u>Rochester City Council v. Rochester Zoning Bd. of Adjustment</u>, 171 N.H. 271, 275 (2018). For its part, the trial court's review of the ZBA's decision is limited to determining whether, on the balance of the probabilities, the decision was unlawful or unreasonable. <u>Id</u>. To the extent the ZBA made findings of fact on questions properly before the trial court, the findings are <u>prima</u> <u>facie</u> lawful and reasonable. <u>Id</u>.; <u>see</u> RSA 677:6 (2016). The trial court's task is not to determine whether it agrees with the ZBA's findings, but to determine whether there is evidence on which the ZBA's findings reasonably could have been based. <u>Rochester City Council</u>, 171 N.H. at 275.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the

relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**